BRYAN SCHRODER
United States Attorney

CHARISSE ARCE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: charisse.arce@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PRE-TRIAL DIVERSION** |
| vs. | ) | **AGREEMENT** |
| | ) | |
| MARY ANN MCCARTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**This document in its entirety contains the terms of the agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I.    INTRODUCTION

I, ___Mary Ann McCarty___, the defendant, have discussed this Pre-Trial Diversion Agreement with my attorney and agree that this document contains all of the agreements made between me and the United States regarding my decision and participation in Pre-Trial Diversion, as described herein.   The United States has not made me any other promises and I enter into this agreement voluntarily.

I understand and agree that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement.  I understand that the United States, in its sole discretion, will determine whether I have breached this agreement.  If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may proceed with prosecution, including filing new or additional criminal charges.

## II.    CHARGES AND FACTUAL BASIS

### A.    Charge

1.    **The defendant is charged by Information with the following crime:**

Count 1:  Misappropriation of Postal Funds, a violation of Title 18 United States Code, Section 1711.

//

//

U.S. v. Mary Ann McCarty

Case 3:21-cr-00028-SLG-MMS   Document 3   Filed 02/24/21   Page 2 of 9

## B. Elements

The elements of the charge(s) contained in the Information are as follows:

1. The defendant was a postal employee;

2. Postal funds came into the defendant's possession in her capacity as a postal employee;

3. The defendant converted those postal funds to her own use; and

4. The amount of funds converted exceeded $1,000.

## C. Stipulated Factual Basis

I admit to the truth of the allegations in Count One of the Information and the truth of the following statement, and the parties stipulate that, in the event that the defendant breaches this agreement, this statement will be admissible against the defendant at any hearing or trial:

I, Mary Ann McCarty, was a postmaster at the Ruby U.S. Post Office, located in Ruby, in the state and District of Alaska, from 1997 to October 2018. Between March 2016 and March 2018, I stole approximately $15,932.43 from the Ruby Post Office. This money consisted of cash received from fraudulent money orders I issued to myself. I used the money that I had stolen to purchase personal items.

## D. Statutory Penalties and Other Matters Affecting Sentence

### 1. Statutory Penalties

The statutory penalties applicable to the charge(s) contained in the Information, based on the facts to which the defendant had admitted above, are as follows:

U.S. v. Mary Ann McCarty

Count 1: Misappropriation of Postal Funds

1) 10 years' incarceration;

2) $250,000 fine;

3) $100 mandatory special assessment; and

4) 3 years of supervised release.

## III.  WAIVER OF RIGHTS

I waive the following rights, which I have discussed with my attorney, who has answered any questions I have about the significance of these waivers.

### A.  Waiver of Right to Presentation to Grand Jury

I understand that I am currently charged with a felony offense, and that I have a right to be charged by an indictment returned by the grand jury, which must find probable cause that I committed the offenses alleged in the Information. Ordinarily, this indictment must be filed within 30 days after arrest or service of summons upon me. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury. I further am aware of the nature of the charges, as set forth above, and of my right to remain silent in the face of these charges. Knowing these things, I agree to waive my right to have the United States present the charges contained in the indictment to a grand jury and will sign a written waiver of indictment. I make this waiver freely and voluntarily, and no one has threatened, coerced, or made promises in connection with this waiver.

//

U.S. v. Mary Ann McCarty

**B.    Speedy Trial Waiver**

I understand that I have the right to a speedy and public trial under the Sixth

Amendment to the United States Constitution and the Speedy Trial Act.  Under the

Speedy Trial Act, a trial must commence within 70 days after the later of (1) the date of

the information or (2) the date of my initial appearance on the charges.  However, I agree

to and consent that any delay from the date of this Agreement to the date of reinstatement

of prosecution, as provided for in the terms expressed herein, shall be deemed to be a

necessary delay at my request, and I waive any defense to such prosecution on the ground

that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of

Criminal Procedure and the Sixth Amendment to the Constitution of the United States to

a speedy trial or to bar the prosecution by reason of the running of the statute of

limitations for a period of months equal to the period of this agreement.  I understand that

the purpose of any delay is to allow me to demonstrate my good conduct, which time is

excludeable from a Speedy Trial Act calculation pursuant to Title 18, United States Code

§ 3161(h)(2).

**C.    Waiver of Fed. R. Evid. 410 and Fed. R. Crim. P. 11(f)**

I understand and agree that the Stipulated Factual Basis contained above in

Section II.C. of this agreement shall be treated as my admission of facts and that the

United States may use these factual admissions against me in any future court

proceeding, trial, or sentencing.  I understand that, ordinarily, statements made in the

course of plea discussions, including oral and written statements, may not be used against

a defendant during a later criminal case.  I agree to waive these rights, and I agree that the

U.S. v. Mary Ann McCarty

Stipulated Factual Basis section of this agreement shall be admissible as evidence against me in any future court proceeding. This provision acts as a modification, and express waiver, of my rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

## IV.    CONDITIONS OF PRETRIAL DIVERSION

### A.    The Defendant Agrees to the Following General Conditions of Pretrial Diversion

1.    I will not violate any federal, state, or local law. I will immediately advise the U.S. Pretrial Services Office if I am arrested, stopped, questioned by, or have any other contact with any law enforcement officer.

2.    I will attend school or a training program, or work regularly at a lawful occupation or otherwise comply with the terms of any special program described below. If I lose my job or am unable to continue school or training for whatever reason, I will immediately notify the U.S. Pretrial Services Officer assigned to supervise me. If I do not participate at least part time (20 hrs/week) in a training employment, I will do 100 hours of community service (see Special Condition #3).

3.    I agree to permit U.S. Pretrial Services Officers, and anyone who they designate to conduct home visits at my residence, as well as at my place of employment, and I agree I will not travel outside of Alaska without approval of the U.S. Pretrial Services Officer.

4.    I agree to submit to a warrantless search of my person, residence, vehicle, personal effects, place of employment, and other property by a Federal probation

U.S. v. Mary Ann McCarty

or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband or a violation of this agreement. Failure to submit to a search may be grounds for removal from the Pretrial Diversion Program.

5.      I agree not to possess any firearms on my person, in my residence, in my vehicle, or contained in any other property over which I have control.

6.      I agree not to use any drugs that are illegal under federal law including prescription drugs in excess of my prescription, and marijuana, and I also agree not to use alcohol excessively.

7.      I agree to follow all other conditions of the pre-trial release ordered by the Court in my case, as well as any special conditions described below.

**B.      Special Conditions Required of the Defendant**

1.      I agree to participate in drug and alcohol testing and evaluation if directed by the U.S. Pretrial Services Office, and any and all recommended treatment or other counseling as directed.

2.      I agree to participate in a mental health evaluation if directed by the U.S. Pretrial Services Office, and agree to participate in any and all recommended treatment.

3.      I agree to complete 40 hours of volunteer community service, as approved by the U.S. Attorney's Office, and I agree to provide documentation of the community service hours that I complete to the U.S. Attorney's Office and the U.S. Pretrial Services Office. If I fail to maintain at least 20 hours per week of training or employment, I will do a total of 100 hours of community service.

U.S. v. Mary Ann McCarty

4.      I agree to pay restitution in full to the United States Postal Service in the amount of $15,932.43.

## V.      AGREEMENTS BY THE UNITED STATES

### A.      Period of Deferred Prosecution

The United States agrees that prosecution in this District for the offenses identified herein shall be deferred for a period of 18 months from the date that this agreement is accepted by the Court to establish the defendant's good conduct and ability to comply with the terms of this agreement.

### B.      Violation of Agreement

If the defendant violates any of the terms or conditions of this Agreement, the United States may, acting in its sole discretion, revoke this Agreement and proceed with prosecution of the currently filed charges and/or any other criminal charges.

While the determination that the defendant violated this Agreement cannot be challenged in Court, the United States will consult with the U.S. Pretrial Services Office and act in good faith in determining whether the defendant has violated this agreement.

### C.      Successful Completion of Diversion Program

If the defendant successfully completes the Pretrial Diversion program and fulfills all of the terms and conditions of this Agreement, the United States will move to dismiss the criminal charges identified in this agreement that have been filed against the defendant, and the defendant will be released from supervision.

/ /

/ /

U.S. v. Mary Ann McCarty

the criminal charges identified in this agreement that have been filed against the defendant, and the defendant will be released from supervision.

DATED: _Oct 15, 2020_        _Mary Ann McCarty_

Mary Ann McCarty
Defendant

As counsel for the defendant, I have discussed with the terms of this agreement with the defendant, have fully explained the charge(s) in the Information, the elements, as well as the waiver of rights set forth in this agreement. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement. I know of no reason to question the defendant's competency to make these decisions.

DATED: _1/15/20_       

GRETCHEN STAFT
Attorney for Mary Ann McCarty

On behalf of the United States, I acknowledge the United States' responsibilities under this Agreement and agree to abide by its terms.

DATED: _1/27/2021_       

CHARISSE ARCE
United States of America
Assistant U.S. Attorney

DATED: _2/3/21_       

BRYAN SCHRODER
United States of America
United States Attorney